IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDEL P. RUISECO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. C-06-423 |
| CORPUS CHRISTI HOUSING | § | |
| AUTHORITY, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day came on to be considered Plaintiff Edel P. Ruiseco's oral motion to remand this case back to state court, made during a telephone conference before this Court on October 27, 2006.  For the reasons stated herein, the Court hereby GRANTS Plaintiff's motion to remand, and the Court hereby REMANDS this case pursuant to 28 U.S.C. § 1447(c) to the 28th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 06-00431-A.

The Court also hereby GRANTS the Corpus Christi Housing Authority's ("CCHA") motion seeking to dismiss its motion for reconsideration of this Court's order remanding the case (D.E. 8).[1]

---

[1]At the October 27, 2006 telephone conference, this Court granted Plaintiff's oral motion to remand the case.  The Court now follows up with this written order granting Plaintiff's remand motion and setting forth in detail its reasons for remanding the case.  On October 27, 2006, after the conclusion of the telephone conference, CCHA filed a motion asking this Court to reconsider its order of remand (D.E. 7).  On October 30, 2006, CCHA filed the above-referenced motion seeking to dismiss its motion for reconsideration (D.E. 8).

I.   **Procedural Background**

A.   **Original Petition and First Amended Original Petition**

Plaintiff filed his Original Petition against CCHA on January 20, 2006, alleging claims for breach of contract, wrongful termination, and retaliation.  (Notice of Removal, p. 1; Original Petition (Exh. A to Notice of Removal)).

On March 27, 2006, Plaintiff filed his First Amended Original Petition, alleging causes of action for breach of contract, wrongful termination, retaliation pursuant to the Texas Whistleblower Act, and religious discrimination.  (Notice of Removal, pp. 1-2; First Amended Original Petition (Exh. C to Notice of Removal)).  Plaintiff also added Richard J. Franco, Michael Linnane and Joe Garcia as Defendants in the case.[2]

B.   **Second Amended Original Petition and Removal of the Case**

On August 7, 2006, Plaintiff served by facsimile his Second Amended Original Petition ("SAOP") on counsel for Defendant CCHA.  (Notice of Removal, p. 2; SAOP (Exh. F to Notice of Removal)).[3]  The document is signed by Mr. Ruiseco (who is proceeding pro se),

---

[2]These individual Defendants have not been served.  (Notice of Removal, p. 2).  Thus far, only CCHA has appeared in the case.

[3]In the process of preparing its Notice of Removal, counsel for CCHA learned that the state court did not have a record of the SAOP.  (Notice of Removal, pp. 3-4). Defense counsel pointed this out to Plaintiff via letter dated September 18, 2006, and Plaintiff filed the SAOP with the state court on September 20, 2006.  (Id. at p. 4).  CCHA admits that the SAOP filed on September 20, 2006 "mirrors that which was served on Defendant on August 7, 2006."  (Id.).

and it contains a certificate of service stating that Mr. Ruiseco served opposing counsel by facsimile on August 7, 2006. (SAOP, p. 5).

In the SAOP, Plaintiff alleges causes of action against Defendants Richard J. Franco, Joe Garcia, Michael Linnane and CCHA for breach of contract, wrongful termination, "no due process", deprivation of property rights, retaliation and violation of the Texas Whistleblower Act.[4]   (Id. at pp. 1-5).   This is the first time Plaintiff raised a cause of action for denial of due process. (SAOP; Notice of Removal, pp. 2-3).   Plaintiff did not specify in the SAOP whether he was proceeding on his due process claim under the Texas or United States Constitution.   (Id.).   CCHA answered Plaintiff's SAOP on August 25, 2006.   (Notice of Removal, p. 3, Exh. H).

On August 9, 2006, "in an effort to ascertain whether Plaintiffs (sic) claims were brought under the Texas Constitution or United States Constitution", CCHA served requests for admission on Plaintiff.   (Notice of Removal, p. 3, Exh. G).   Plaintiff responded to CCHA's requests for admission on September 8, 2006, admitting that he "assert[ed] a violation of the due process clause of the U.S. Constitution" in the SAOP.   (Plaintiff's Responses to RFA's (Exh. I to Notice of Removal), p. 3).   Defendant CCHA removed the case on September 28, 2006, claiming that the removal was

---

[4]As noted above, Plaintiff has not served individual Defendants Richard J. Franco, Joe Garcia and Michael Linnane.

timely because they removed within thirty days of receipt of
Plaintiff's discovery responses.   (Notice of Removal, pp. 4-5).
CCHA claims that the receipt of Plaintiff's discovery responses was
when they "first ascertained that Plaintiff asserts violations of
rights guaranteed by the United States Constitution." (Id. at p.
5).

## II.   **Discussion**

### A.   **General Removal Principles**

A party may remove an action from state court to federal court
if the action is one over which the federal court possesses subject
matter jurisdiction.   See 28 U.S.C. § 1441(a).   A court, however,
"must presume that a suit lies outside its limited jurisdiction,
and the burden of establishing federal jurisdiction rests on the
party seeking the federal forum." Howery v. Allstate Ins. Co., 243
F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop.
& Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).   In evaluating
the propriety of a removal, "[a]ny ambiguities are construed
against removal because the removal statute should be strictly
construed in favor of remand." Manguno, 276 F.3d at 723; see also
Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)
("doubts regarding whether removal jurisdiction is proper should be
resolved against federal jurisdiction"); Shamrock Oil & Gas Corp.
v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of

showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

> **B.    Timing of Removal**

28 U.S.C. § 1446(b) provides that a notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

If a case is not initially removable based on the original complaint, removal may become proper at a later date based upon the "other paper" clause in 28 U.S.C. § 1446(b).  The relevant part of Section 1446(b) states as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an **amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable[.]

28 U.S.C. § 1446(b) (emphasis added).

The above-referenced section of 28 U.S.C. § 1446(b) applies when a case is not removable based on the initial pleading, but an amended pleading adds a federal cause of action.  See, e.g., Reilly v. Waukesha County, Wisconsin, 993 F.2d 1284, 1286 (7th Cir. 1993)

("[Section 1446(b)] allows removal within 30 days of an amendment adding a federal claim to a case that was not removable as initially filed"); Wallace v. Parks Corp., 1994 WL 665422, *1 (N.D.N.Y. 1994) ("The second paragraph of Section 1446(b) governs actions that become removable because of changes after commencement of the action, such as the ... amendment of a complaint to state a federal cause of action."); Herrington v. J.R. Pounds, 874 F.Supp. 133, 136 (S.D. Miss. 1995).

C.   **Receipt of SAOP Triggered Thirty-Day Removal Window, Even Though SAOP Was Not Filed With State Court**

As noted above, CCHA filed a motion asking the Court to reconsider its remand order (D.E. 7), on the grounds that receipt of the SAOP did not trigger the thirty-day removal clock because the SAOP was not filed with the state court until September 20, 2006. (Id.). CCHA has since asked the Court to dismiss the motion for reconsideration (D.E. 8), and by this Order the Court grants CCHA's motion to dismiss.

Numerous courts have held that receipt of an unfiled document starts the thirty-day clock for removal under the statute. See, e.g., Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) ("We do not think § 1446(b) requires that the 'motion, order, or other paper' be part of the state court record ... [t]he 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, whether communicated in a

formal or informal manner.") (internal citations omitted); <u>Jackson
v. Mississippi Farm Bureau Mut. Ins. Co.</u>, 947 F.Supp. 252, 254
(S.D. Miss. 1996) ("the court does not consider the fact that the
plaintiff's responses had been neither formally signed or filed as
precluding defendants' reliance on them as the basis for removal");
<u>Sunburst Bank v. Summit Acceptance Corp.</u>, 878 F.Supp. 77, 81 (S.D.
Miss. 1995); <u>Broderick v. Dellasandro</u>, 859 F.Supp. 176, 178 (E.D.
Pa. 1994).

Further, in this case, it appears that Plaintiff's failure to
file the SAOP with the state court was an oversight.  CCHA did not
even realize that the SAOP had not been filed with the state court
until September 11, 2006, and Plaintiff promptly filed the document
as soon as he learned that there was no record of it with the state
court.  (Notice of Removal, pp. 3-4).  Moreover, after the SAOP was
served on CCHA on August 7, 2006, CCHA treated the SAOP as if it
had been filed in the state court.  CCHA served Plaintiff with
discovery based on the SAOP two days after receiving the document,
and CCHA even filed an answer to the SAOP on August 25, 2006, over
thirty days before removal.  (<u>Id.</u> at pp. 2-5).

Based on the above, the removal clock began to run upon CCHA's
receipt of the SAOP via facsimile on August 7, 2006, even though
the document was not technically filed with the state court until
September 20, 2006.  <u>See</u> 28 U.S.C. § 1446(b); <u>see also</u> <u>Yarnevic</u>,
102 F.3d at 755.

**D.   CCHA's Removal of this Case Was Not Timely**

When CCHA's counsel received the SAOP on August 7, 2006, CCHA was informed that Plaintiff was pursuing a cause of action entitled "No Due Process", where Plaintiff alleged that "Defendant violated Plaintiff's inherent rights to due process" in various ways. (SAOP, pp. 2-3).

Defendant CCHA claims that it did not remove within thirty days of receipt of the SAOP because it did not know whether Plaintiff's due process claim was brought under the federal or Texas Constitution.   (Notice of Removal, pp. 4-5).  However, Plaintiff sought monetary damages for his due process claim, and that claim could have only been brought under the United States Constitution.[5]  This is because *there is no private right of action for monetary damages under the Texas Constitution*.[6]  See Bates v. Texas State Technical College, 983 S.W.2d 821, 825 (Tex. App.--Waco 1998) ("Texas does not recognize claims for money damages for violations of the Texas constitution"); Patel, 179 S.W.3d at 13

---

[5]Plaintiff does not separate out what damages he seeks for each specific cause of action alleged in the SAOP.  Rather, Plaintiff seeks damages including (but not limited to) the following:  compensation for wages lost as a result of his termination, $30,000 in unpaid bonuses, and $15,000 each from Richard Franco, Joe Garcia and Michael Linnane.  (SAOP, p. 4). "[W]here, like [Plaintiff], a party seeks monetary damages, he seeks a legal remedy, not an equitable one."  Patel v. City Of Everman, 179 S.W.3d 1, 13 (Tex. App.--Tyler 2004).

[6]An individual may only bring a claim under the Texas Constitution for *equitable remedies*.  See City of Beaumont v. Bouillion, 896 S.W.2d 143, 148-49 (Tex. 1995).

("The due process provisions of the Texas Constitution do not provide for a cause of action for damages, but rather only for direct claims seeking equitable relief"); <u>Univ. of Texas Sys. v. Courtney</u>, 946 S.W.2d 464, 469 (Tex. App.--Fort Worth 1997) (same); <u>Securtec, Inc. v. County of Gregg</u>, 106 S.W.3d 803, 816 (Tex. App.--Texarkana 2003) (same).

Accordingly, it was apparent from the SAOP that Plaintiff was proceeding under the United States Constitution, as he could not assert a claim for monetary damages under the Texas Constitution. <u>See</u> <u>id</u>; <u>see</u> <u>also</u> SAOP, pp. 2-3.  CCHA, however, failed to remove the case within thirty days of being served with Plaintiff's SAOP on August 7, 2006.  Instead, CCHA waited until September 28, 2006, more than thirty days after receipt of Plaintiff's SAOP, to remove the case.[7]  (Notice of Removal, p. 1).  As such, CCHA's removal is untimely under 28 U.S.C. § 1446(b), and the case must be remanded back to state court.

## III. <u>Conclusion</u>

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action.  The Court hereby GRANTS Plaintiff's oral motion to remand, and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 28th Judicial District Court of Nueces County, Texas, where it was

---

[7]CCHA also removed the case more than thirty days after it had answered the SAOP (on August 25, 2006).  (Notice of Removal, p. 1, Exh. H).

originally filed and assigned Cause Number 06-00431-A.  The Court also hereby GRANTS CCHA's motion to dismiss its motion for reconsideration of this Court's remand order (D.E. 8).

SIGNED and ENTERED this 10th day of November, 2006.

_____
Janis Graham Jack
United States District Judge